UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER WEBER,

                        Appellant,                  1:11-CV-0138
                                                   (GTS)

v.

SEFCU,

                        Appellee.

_____

APPEARANCES:                           OF COUNSEL:

RICHARD CROAK & ASSOCIATES      RICHARD CROAK, ESQ.
  Counsel for Appellant
314 Great Oaks Boulevard
Albany, New York 12203

OVERTON, RUSSELL, DOERR &
DONOVAN, LLP                          MELISSA M. TOBROCKE, ESQ.
  Counsel for Appellee
19 Halfmoon Executive Park Drive
Clifton Park, New York 12065

HON. GLENN T. SUDDABY, United States District Judge

## **MEMORANDUM-DECISION and ORDER**

Currently before the Court, in this bankruptcy proceeding filed by Christopher Weber

("Appellant") against SEFCU ("Appellee"), is Appellant's appeal from an Order issued by the

United States Bankruptcy Court for the Northern District of New York, on December 22, 2010.

(Dkt. No. 1.)  For the reasons set forth below, the Bankruptcy Court's Order is reversed and the

case is remanded for further review.

I.      RELEVANT BACKGROUND

On January 10, 2010, Appellee lawfully repossessed Appellant's 2000 Ford F250 ("the Ford") due to Appellant's default on four loans held by Appellant with Appellee.  On the same day, and again on January 11, 2010, Appellee mailed Appellant two right-to-redeem letters at Appellant's known addresses.  On January 11, 2010, Appellant telephoned Appellee to inquire about having the Ford returned.  On or about January 14, 2010, Appellant filed a Chapter 13 bankruptcy petition.  On January 14, 2010, Appellant's counsel mailed a written notice of Appellant's bankruptcy petition to Appellee.  This written notice requested that Appellee return the Ford pursuant to 11 U.S.C. § 362.[1]  Appellee, however, did not immediately return the Ford. On or about January 22, 2010, Appellant filed an adversary proceeding against Appellee in Appellant's underlying bankruptcy action.  On or about March 1, 2010, Appellant filed a motion for an Order to Show Cause demanding that the Ford be returned to Appellant so that the Ford could be incorporated into Appellant's reorganization estate.  On or about March 5, 2010, after a hearing on Appellant's motion for an Order to Show Cause, Appellee returned the Ford to Appellant.  The adversary proceeding, however, continued so that the Bankruptcy Court could determine whether Appellee had violated the automatic stay and whether to assess damages and/or sanctions against Appellee pursuant to 11 U.S.C. § 362(k).[2]

---

[1]     This provision imposes an automatic stay once a debtor files a bankruptcy petition under any chapter of the Bankruptcy Code.  Relevant to this case, 11 U.S.C § 362 forbids "any act [by all applicable entities] to obtain possession of property of the estate or of property from the estate or to exercise control over the property of the estate."  11 U.S.C § 362(a)(3).

[2]     11. U.S.C. § 362(k) states as follows:

        **(1)**     Except as provided in paragraph (2), an individual by any willful
                violation of a stay provided by this section shall recover actual
                damages, including costs and attorney's fees, and, in appropriate
                circumstances, may recover punitive damages.

On November 22, 2010, Appellee filed a motion for summary judgment in the adversary proceeding. In its motion for summary judgment, Appellee argued that, pursuant to *In re Alberto*, 271 B.R. 223 (N.D.N.Y. 2001) (Hurd, J.), it did not violate the automatic stay, nor is it subject to damages or sanctions for allegedly violating the automatic stay. On November 30, 2010, Appellant filed a response to Appellee's motion for summary judgment. In its response, Appellant argued that *In re Alberto* is inconsistent with *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983), and therefore should not be followed. On December 22, 2010, the Bankruptcy Court issued an Order granting Appellee's motion for summary judgment.[3]

On January 3, 2011, Appellant filed its notice of appeal. On March 21, 2011, Appellant filed its appellate brief. Generally, Appellant argues that damages and/or sanctions should be assessed against Appellee for failing to return the Ford to Appellant until March 5, 2010. On May 2, 2011, Appellee filed its appellate brief. Generally, Appellee argues that the Bankruptcy Court's decision conforms with *In re Alberto*, which, it argues, is controlling law under the doctrine of stare decisis (given that the bankruptcy court is a "unit" of the district court, under 28 U.S.C. § 151). Appellant did not file a reply brief.

## II.   STANDARD OF REVIEW

"Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that a reviewing court may 'affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree,' or it may remand with instructions for further proceedings." *In re Smorto*, 07-CV-2727, 2008 WL

---

**(2)**   If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

[3]   While the Bankruptcy Court's Order did not contain any factual or legal findings, the undersigned construes that Order as following *In re Alberto*.

3

699502, at *4 (E.D.N.Y. Mar. 12, 2008) (citing Fed. R. Bankr. P. 8013). "The Court will review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error." *In re Smorto*, 2008 WL 699502, at *4.

## III. ANALYSIS

The question presented is whether Appellee was required to return the Ford upon receiving notice of Appellant's Chapter 13 bankruptcy petition, or whether Appellee was entitled to retain possession of the Ford until Appellant moved for, and was granted, a turnover order by the Bankruptcy Court pursuant to 11 U.S.C. § 542.[4]  For the reasons set forth below, the undersigned respectfully disagrees with the holding in *In re Alberto*, 271 B.R. 223 (N.D.N.Y. 2001), and agrees with the Appellant that a creditor who takes lawful repossession of a debtor's property prior to the debtor filing a bankruptcy petition must return the property to the debtor's reorganization estate immediately upon learning of the bankruptcy proceedings, as long as the debtor (1) retains an interest in the property and (2) any provision of the Bankruptcy Code makes the property available to the reorganization estate.

In *Whiting*, the Supreme Court concluded that "the reorganization estate includes property of the debtor that has been seized by a creditor prior to the filing of a petition for reorganization." *Whiting*, 462 U.S. at 209.  Section 541 of Title 11 of the United States Code provides, in pertinent part, that the reorganization "estate is comprised of all the following

---

[4]      11 U.S.C. § 542 states, in pertinent part, as follows:

**(a)**      [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under [11 U.S.C. §] 363 of this title, or that the debtor may exempt under [11 U.S.C. §] 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the [reorganization] estate.

4

property, wherever located: . . . *all legal* or equitable *interests of the debtor in property* as of the commencement of the case." 11 U.S.C. § 541(a)(1) (emphasis added); *Whiting*, 462 U.S. at 204. The Supreme Court further reasoned that Congress "intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code." *Whiting*, 462 U.S. at 205. It further reasoned that, because there are "[s]everal" provisions within the Bankruptcy Code that bring into the reorganization estate property that the debtor "did not have a possessory interest at the time the bankruptcy proceedings commenced," the reorganization estate includes any property in which the debtor could have had a possessory interest pursuant to any provision in the Bankruptcy Code, including property in which the debtor may not have had a possessory interest at the commencement of the bankruptcy proceeding. *Id.* Finally, the Supreme Court reasoned that, "[a]lthough these statutes could be read to limit the estate to those 'interests of the debtor in property' at the time of the filing of the petition, we view them as a definition of what is included in the estate, rather than as a limitation."[5] *Id.* at 203.

Here, in accordance with *Whiting*, the undersigned finds that Appellee was required to return the Ford to Appellant's reorganization estate upon receiving notice of the Appellant's Chapter 13 bankruptcy petition. More specifically, the undersigned finds that the Appellant's right to redeem possession of the Ford under New York State law[6] was sufficient to bring the Ford into the reorganization estate because 11 U.S.C. § 542(a) "made [the Ford] available to the estate" by mandating turnover of any property to the reorganization estate that the bankruptcy

---

[5]     The phrase "these statutes" specifically refers to 11 U.S.C. §§ 541, 363, and 542. *Whiting*, 462 U.S. at 203.

[6]     New York State's Uniform Commercial Code gives the debtor whose property is repossessed by a creditor following default the right to redeem the repossessed property. N.Y.U.C.C. § 9-623(a).

trustee "may use, sell or lease" in the bankruptcy proceeding.  In other words, Appellant's reorganization estate encompassed not just his right to redeem possession of the Ford, but also the Ford itself, because other provisions of the Bankruptcy Code (specifically 11 U.S.C. § 542) made the property available to the estate.  *See Whiting*, 462 U.S. at 205 ("[Section] 541 is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code. . . . Section 542(a) is such a provision.  It requires an entity . . . holding any property of the debtor that the trustee can use under § 363 to turn that property over to the trustee."); *see also In re Del Mission*, 98 F.3d 1147, 1151 (9th Cir. 1996) ("11 U.S.C. § 542[a] provides that an entity in possession of estate property 'shall' deliver such property to the trustee.  This is a mandatory duty arising upon the filing of the bankruptcy petition.").

In the undersigned's view, *Whiting* does not require that the debtor first "take an affirmative step to draw the possessory interest in the [property] into the estate" (*In re Alberto*, 271 B.R. at 227) by filing a motion for turnover under 11 U.S.C. § 542(a) before the property is, in fact, made part of the reorganization estate.  *See In re Del Mission*, 98 F.3d at 1151 ("To effectuate the purpose of the automatic stay, the onus to return the estate property is placed on upon the possessor; it does not fall on the debtor to pursue the possessor.").  Rather, the language of *Whiting* suggests that, as long as the debtor retains an interest in the repossessed property and the property is capable of being pulled into the estate by a provision under the Bankruptcy Code, that property is included in the reorganization estate at the commencement of bankruptcy proceedings.  *See Whiting*, 462 U.S. at 204-05 (commenting that the scope of the reorganization estate under 11 U.S.C. § 541 "is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code").

6

The undersigned believes that this interpretation of *Whiting* is shared by the majority of Circuit Courts of Appeal that have grappled with this issue.  *See Thompson v. Gen. Motors Acceptance Corp., LLC*, 566 F.3d 699, 703 (7th Cir. 2009) (holding that "the act of passively holding onto an asset" constitutes "exercising control" over the asset, which is proscribed in 11 U.S.C. § 362[a]); *In re Yates*, 332 B.R. 1, 4-5 (B.A.P.10th Cir. 2005) ("This Court holds that the [creditor] violated the automatic stay by refusing to turn over the GMC after [the debtor] filed her bankruptcy petition."); *In re Sharon*, 234 B.R. 676, 681 (B.A.P. 6th Cir. 1999) ("Possession of the [d]ebtor's car was property of the Chapter 13 estate from the moment of the petition."); *In re Del Mission*, 98 F.3d at 1151 (holding that, pursuant to 11 U.S.C. § 542(a), an entity that has possession of any property that is a part of the reorganization estate is required to "deliver such property to the trustee . . . upon the filing of the bankruptcy petition"); *In re Knaus*, 889 F.2d 773, 775 (8th Cir. 1989) ("We fail to see any distinction between a failure to return property taken before the stay and a failure to return property taken after the stay. In both cases the law clearly requires turnover . . . . [and t]he duty arises upon the filing of the bankruptcy petition."); *but see Bell-Tel Credit Union v. Kalter*, 292 F.3d 1350, 1356 (11th Cir. 2002) (holding that whether the repossessed property becomes part of the reorganization estate is contingent upon the debtor holding an interest in the property, according to the relevant state law, that is more than a mere right to redemption); *In re Alberto*, 271 B.R. at 227 (holding that in order for the property to become a part of the reorganization estate, the debtor must take some "affirmative step" to draw "a possessory interest in the vehicle into the estate, such as move for a turnover order pursuant to [11 U.S.C. § 542]").[7]

---

[7]        Even if the undersigned was to follow the Eleventh Circuit's approach, the outcome of this case would remain the same because, under New York State law, the debtor retains more than a mere right to redeem the property for the reasons stated in Appellant's

For all of these reasons, the undersigned finds that the Appellee was required to return the Ford to Appellant upon learning that Appellant filed a bankruptcy petition and failure to do so violated the automatic stay pursuant to 11 U.S.C. § 362(a)(3).  As a result, the undersigned grants Appellant's appeal, reverses the Bankruptcy Court's decision, and remands the case to the Bankruptcy Court for a determination of what sanctions, if any, are appropriate against Appellee pursuant to 11 U.S.C. § 362(k).

The undersigned hastens to add that the Bankruptcy Court did *not* commit a clear error (or really even any error), given that it followed the sole district court case, from this District, then-existing on the issue.  Rather, the undersigned's decision hinges on the fact that the Bankruptcy Court's legal conclusions are subjected to a *de novo* review.  Of course, when conducting such a *de novo* review, a district court may apply an intervening change of controlling law.[8]  Similarly, and more importantly, authority exists for the point of law that, on *de novo* review, a district court may reverse a bankruptcy court decision when the district court (respectfully) disagrees with the sole district court case controlling the bankruptcy court's decision.[9]

---

Appellate Brief.  (Dkt. No. 4 at 10.)  *See also Gillian v. Briar Hill Lanes, Inc.*, 250 A.D.2d 809, 809-810 (N.Y. App. Div. 2d Dep't 1998) (holding that the defaulting borrower remained the legal owner of corporate stock that he had pledged as collateral for a loan, and was therefore entitled to the surplus which remained after satisfaction of the debt).

[8]     *See In re Pfleghaar*, 215 B.R. 394, 396 (B.A.P. 8th Cir. 1997) (finding, when conducting *de novo* review of bankruptcy court's legal conclusions, that, "although *Chamberlain* was decided after the bankruptcy court's opinion and thus the bankruptcy court did not have the benefit of that decision when it issued the instant Order, *Chamberlain* is controlling").

[9]     *See, e.g., Chrysler Fin. Co., L.L.C. v. Schlant*, 243 B.R. 613, 616-20 (W.D.N.Y. 2000) (reversing bankruptcy court decision on ground that district court disagreed with the sole district court case controlling the bankruptcy court's decision, i.e., *Gen. Motors Acceptance Corp. v. Waligora*, 24 B.R. 905 [W.D.N.Y.1982]).

**ACCORDINGLY**, it is

**ORDERED** that Appellant's appeal (Dkt. No. 1) is **GRANTED**, and the Bankruptcy

Court's decision is **REVERSED**; and it is further

**ORDERED** that the case is **REMANDED** to the Bankruptcy Court for determination of

sanctions, if any, against Appellee.

Dated: March 23, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge